Opinion by
Mr. Justice Pringle.
Plaintiff in error (hereinafter referred to as Lininger) is here contesting a declaratory judgment entered by the District Court of Jefferson County in favor of defendants in error (hereinafter referred to as defendants or by name, Carey Realty Company as Carey, and Range Realty Co. as Range).
Lininger sued for a declaratory judgment interpreting certain provisions of an agreement designated “Receipt and Option” dated June 11, 1959, whereby Lininger agreed to sell to Carey his one-half interest in two parcels of land, one of 40 acres and one of 120 acres. Carey exercised its option to purchase the 40-acre parcel by an agreement dated December 9, 1959. A third agreement was made June 8, 1961, between Lininger and Range, whereby the latter exercised the option to purchase the 120-acre tract as successor in interest to Carey.
The dispute involves provisions of the “Receipt and Option” contract by which it was provided that:
“. . . . the seller shall not be required to furnish any water or sewer main extensions within the boundaries of the above described real property. The seller agrees to pay one-half of the cost of the water and sewer taps that may be charged by the Green Mountain Park Water and Sanitation District or any other authority furnishing said services; provided, also, that the number of water taps and sewer taps are limited to 3% taps, of each, per acre.” (Emphasis added.)
As to the 120-acre tract, Lininger had the option of selling his one-half interest for $180,000, with water and sewer service provided by Lininger, or for $90,000 without water and sewer service. In the event Lininger elected to sell his interest in the land for the larger figure (which he did), the agreement provides that he “pay one-half of the cost of such water and sewer taps *190 to the Green Mountain Park Water and Sanitation District, or to any other authority that may furnish the same.”
Lininger testified that at the time the “Receipt and Option” was executed, the cost of a water tap was $300 and the cost of a sewer tap was $55, but that at the time the taps were actually installed on the subject property, the cost had increased to $375 for a water tap and $125 for a sewer tap, or a total of $500 for a combined water and sewer tap. The manager-secretary of the Green Mountain Park Water and Sanitation District (hereinafter called the District) testified that at a meeting held March 16, 1961, the District passed a resolution authorizing a “reinbursement” of $215 per tap to “any developer, builder or landowner who constructs both sewer and water lines in the District,” and that such reimbursements were paid to defendants.
Lininger contends here that the “true cost” of each combined tap was $500, less the “reimbursement” of $215, or a net of $285. He argues that the payment of these “reimbursements” to the defendants, rather than to him, resulted in unjust enrichment of the defendants, because he was in effect paying for the construction of the interior water and sewer lines, whereas the contract provision quoted above specifically stated that he would not be liable for the cost of constructing water or sewer lines within the boundaries of the property sold by him. We do not believe this argument is supported either by the words of the contract, or by the facts as disclosed by the record and as found by the trial court.
Lininger was obligated.by his contract to pay half of the tap costs. The trial court found that that is exactly what he did pay and no more, and the evidence supports the finding. The trial court found that the cost of the combined taps was $500. There is no evidence to the contrary in the record. The court further found that the District had not given “any refund, rebate, credit or *191 discount in connection with its charge of $500 per combination sewer and water tap within the subject property.” This finding is also fully supported by the record. The testimony of the District’s manager was to the effect that these $215 payments were made to reimburse the builder of the lines for part of his costs in constructing them, and not as a refund of the tap fees paid. The construction of the lines was the result of an independent agreement between the District and the defendant and is not a part of any contract obligation the defendants owed to Lininger.
Nor does the fact that the cost of the taps was less at the time the “Receipt and Option” agreement was entered into support Lininger’s unjust enrichment argument. At the time of the agreement of June 8, 1961, when Leninger elected to sell his one-half interest in the 120-acre parcel for the larger price of $180,000 and to pay one-half of the cost of the water and sewer taps, all of the present prices and policies were already in effect in the District. As to these 120 acres, the price in effect at the time of the “Receipt and Option” is completely irrelevant, since Lininger still had the opportunity, after the price of the taps was raised, of selling this land for $90,000 without thereafter being liable for any tap charges. As to the 40-acre tract, Lininger was in fact reimbursed by the District for 43 taps out of approximately 130 in this tract, where he had constructed lines. Thus, his entire argument finally rests on his alleged overpayment for the remaining 90 taps in the 40-acre tract. As to these, we consider it sufficient to say that Lininger by his contract agreed to pay whatever price “may be charged” by the District, and the evidence clearly shows that Lininger, through his prior dealings with the District, was fully aware that the price of taps was subject to change from time to time by the District.
The judgment is affirmed.
Mr. Chief Justice Moore and Mr. Justice Day concur.